**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

ASHISH GUPTA,

Plaintiff,

v.

ITG BRANDS, LLC; KERI FOX; PATRICIA BURNS; WAI FUNG THOMPSON; ALEXANDER LENHARD; CHERISE GENTLES; JANE and JOHN DOES 1-10 (said names being fictious persons); and ABC CORPORATIONS 1-10 (said names being fictious corporate entities).

Defendants.

Civil Action No: ________________

**NOTICE OF REMOVAL**

**(28 U.S.C. §§ 1332, 1441 and 1446)**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

**PLEASE TAKE NOTICE** that Defendants ITG Brands, LLC; Keri Fox; Patricia Burns; Wai Fung Thompson; Alexander Lenhard; and Cherise Gentles ("Defendants"), through counsel and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove this matter from the Superior Court of New Jersey, Law Division, Middlesex County, to the United States District Court for the District of New Jersey. As grounds for removal, Defendants state:

1. On or about December 16, 2024, Plaintiff Ashish Gupta ("Plaintiff") filed his Complaint against Defendants in the action titled *Gupta v. ITG Brands, LLC, et al.*, in the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. MID-L-007149-24 (the "State Court Action").

2. Defendant ITG Brands, LLC ("ITGB") received a copy of the Summons and Complaint on January 3, 2025.

3. A copy of the Complaint, together with all other process and pleadings served upon (or attempted to be sent to the) Defendants in the State Court Action, are attached hereto as Exhibit A. These documents constitute all "process, pleadings, and orders" served upon or attempted to be sent to Defendants in the State Court Action as required by 28 U.S.C. § 1446(a).

4. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." The Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a) because complete diversity exists amongst the parties and the amount in controversy exceeds $75,000.

5. **Diversity of Citizenship**. Plaintiff is a citizen of the State of New Jersey. Compl. ¶¶ 1, 10. By contrast, each of the Defendants are citizens of other states:

a. ITGB, is a citizen of the State of Delaware and the State of North Carolina, based on the citizenship of its members, *see GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). The sole member of ITGB is ITG Brands Holdpartner, LP, a limited partnership ("Holdpartner"). The two members of Holdpartner are:

   i. ITG Holdings USA, Inc., a corporation organized under the laws of the State of Delaware with a principal place of business in the State of North Carolina. ("Holdings"); and

   ii. ITG Brands Holdco, LLC, a limited liability corporation whose sole member is Holdings.

b. Defendant Keri Fox is a citizen of the State of Arkansas, where she is domiciled, *see McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 286 (3d Cir. 2006);

c. Defendant Patricia Burns is a citizen of the State of North Carolina, where she is domiciled, *see id.*;

d. Defendant Wai Fung Thompson is a citizen of the State of North Carolina, where she is domiciled, *see id.*;

e. Defendant Alexander Lenhard is a citizen of the State of South Carolina, where he is domiciled, *see id.*;

f. Defendant Cherise Gentles is a citizen of the State of New York, where she is domiciled, *see id.*; and

g. The citizenships of "John Does 1-10" and "ABC Corporations" must be disregarded. *See* 28 U.S.C. § 1441(b) ("the citizenship of defendants sued under fictitious names shall be disregarded").

Plaintiff and Defendants, therefore, are citizens of different states. *See id.* § 1332(a)(1).

6. **Amount in Controversy**. Although Defendants deny that Plaintiff is entitled to any relief whatsoever, Plaintiff's allegations satisfy the $75,000 jurisdictional threshold. *See id.* § 1332(b). Plaintiff seeks recovery of "front pay, back pay, loss of economic opportunity, losses, emotional pain and suffering, humiliation and psychological suffering, as well as lawful prejudgment interest, cost of suit, attorneys' fees and costs, punitive damages, any and all relief provided under the [New Jersey Law Against Discrimination]." Compl., Prayer for Relief. At the time Plaintiff separated from employment from ITGB, Plaintiff earned $209,000 annually. As a result, Plaintiff's claims for back and front pay alone satisfy the amount in controversy before factoring in other alleged damages, including punitive damages. *See, e.g., Stranger v. Walmart Supercenter #2208*, No. 4:24-CV-01093, 2024 WL 4393508, at *5 (M.D. Pa. Oct. 3, 2024) (citing *Werwinski v. Ford Motor Co.,* 286 F.3d 661, 666 (3d Cir. 2002), *overruled on other grounds by Earl v. NVR Inc.*, 990 F.3d 310, 314 (3d Cir. 2021)).

7. **Timeliness**. This Notice of Removal was filed within thirty days of ITGB's receipt of the Complaint. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). *See Schaffer v. Borough of Paramus*, No. 223CV00530BRMMAH, 2023 WL 4418653, at *2 (D.N.J. July 10, 2023) ("Under the last-served defendant' rule, the defendant

which was served last may remove the entire case within thirty days of being served.") (cleaned up).

8. All named Defendants join in, and consent to, removal of this action. See *Lewis v. Rego Co.*, 757 F.2d 66, 68 (3d Cir. 1985).

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a).

10. Written notice of the filing of this Notice of Removal will be provided to Plaintiff, together with a copy of the Notice of Removal and supporting papers. Pursuant to 28 U.S.C. § 1446(d), the same will be filed with the Superior Court of New Jersey, Law Division, Middlesex County.

11. Defendants submit this Notice of Removal without waiving any right to request transfer of venue, without waiving any defenses to the claims asserted by Plaintiff, without admitting to sufficiency of process or service of process, without conceding that Plaintiff has pleaded claims upon which relief can be granted, without admitting that Plaintiff has standing, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever.

WHEREFORE, Defendants ITG Brands, LLC; Keri Fox; Patricia Burns; Wai Fung Thompson; Alexander Lenhard; and Cherise Gentles respectfully pray that this action proceed before this Court as an action properly removed.

Dated: January 30, 2025

Respectfully submitted,

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/ Michael S. Hanan*
Michael S. Hanan, Esq.
Maxine J. Nicholas, Esq.
290 W Mt. Pleasant Avenue, Suite 3310
Livingston, New Jersey 07039
Phone No.: (973) 549-2500

Fax No.: (973) 377-1911
Email: mhanan@grsm.com
mnicholas@grsm.com

D.J. O'Brien III
N.C. State Bar No. 35481
dobrien@brookspierce.com
J. Kemper Patton
N.C. State Bar No. 59674
kpatton@brookspierce.com
BROOKS, PIERCE, MCLENDON,
HUMPHREY & LEONARD, LLP
2000 Renaissance Plaza
230 North Elm Street
Greensboro, North Carolina, 27401
Tel. (336) 373-8850
Fax (336) 378-1001
***Motion for Pro Hac Vice Admission Forthcoming*

*Counsel for Defendants ITG Brands, LLC; Keri Fox; Patricia Burns; Wai Fung Thompson; Alexander Lenhard; and Cherise Gentles*